IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

GREG ALAN SALARD,

                Defendant.

Case No. 1:14-cr-00012-TMB

ORDER REGARDING MOTIONS IN LIMINE

## I.    INTRODUCTION

Trial on the government's Superseding Indictment[1] charging Defendant Greg Alan Salard with distribution, receipt, and possession of child pornography is scheduled to begin on July 20, 2015. Before the Court are three motions in limine regarding the presentation or exclusion of evidence at trial.[2]

## II.    BACKGROUND

Much of the evidence in this case will be forensic evidence associated with a computer found in Defendant's residence that was linked to the IP address 65.74.22.111. On June 5, 2014, FBI Special Agent Anthony Peterson partially downloaded a file from the 65.74.22.111 IP address that Agent Peterson concluded contained child pornography. On October 15, 2014, the FBI executed a search warrant on Defendant's home, which was the address associated with the 65.74.22.111 IP address. There, FBI agents found a computer with cleaner software running.

---

[1] Dkt. 42 (Superseding Indictment).

[2] Dkt. 47; Dkt. 48; Dkt. 49.

1

Agent Peterson stopped the cleaner software before it completed its session. He was then able to review a list of files that had been downloaded onto the computer using the Ares file-sharing program, though the files themselves were not present. From that list, Agent Peterson identified 608 files with hash values — an identifying alphanumeric sequence unique to a specific digital file — known to be associated child pornography. Multiple files from this list had previously been the subject of criminal prosecution and included videos of children with a known age and identity. These videos are specifically identified in Count II of the Superseding Indictment.

### III. DEFENDANT'S FIRST MOTION IN LIMINE

The government intends to present to the jury exhibits of still images and screen shots from the videos identified in the Superseding Indictment. Because the videos were not found on the computer, exhibits will be based on copies of the videos known to correspond to the hash values derived from the files on the computer. Defendant seeks to exclude this evidence.[3] He contends that he will stipulate that the hash values of the files listed in the Superseding Indictment correspond with hash values of files known to contain child pornography. Having so stipulated, he argues that the danger of unfair prejudice in presenting images to the jury substantially outweighs any remaining probative value.

Defendant is not the first in a child pornography case to seek to avoid having videos or images presented to the jury by stipulating that the materials are child pornography. He relies heavily on one such case, *US v. Merino-Balderrama*, in which the Ninth Circuit reviewed a district court's decision to permit the government to show portions of films depicting child

---

[3] [Dkt. 48](#).

pornography to the jury despite the defendant's offer to stipulate to the content of the films.[4] In that case, the defendant had discovered a briefcase with pornographic materials that included individually-boxed videos of child pornography. Each box cover bore a still, taken from the corresponding film, of children engaged in sexual conduct.[5] The Ninth Circuit concluded that the district court abused its discretion in permitting the jury to see portions of the videos because the films were less probative of the defendant's knowledge regarding the films than were their box covers.[6] Of particular importance to the court, the government offered no evidence that the defendant had knowledge of the films' contents. The defendant had merely stumbled upon the films and there was nothing to dispute his claim that, though he tried to view the films by holding the film stock up to light, he was unable to discern any images. Thus, the films were less probative of his knowledge than their covers, which he undisputedly did see.[7]

Here, in contrast, the government intends to present evidence that Defendant had knowledge of the contents of the files — that he viewed images and videos that he downloaded and possessed, and that he attempted to play others but was unsuccessful.[8] This renders *Merino-Balderrama* inapposite to this case.[9] Moreover, the court in *Merino-Balderrama* based its

---

[4] United States v. Merino-Balderrama, 146 F.3d 758 (9th Cir. 1998).

[5] Id. at 760.

[6] Id. at 762–63.

[7] Id.

[8] Dkt. 54 at 8.

[9] *See* United States v. Ganoe, 538 F.3d 1117, 1124 (9th Cir. 2008) ("Even more importantly, for every image shown to the jury there was forensic evidence that the files had actually been opened and viewed after downloading. This is what makes this case distinguishable from *United States v. Merino–Balderrama*."); *see also* United States v. Dodds, 347 F.3d 893, 898 (11th Cir. 2003) ("Dodds argues that his case parallels Merino–Balderrama's . . . . Belying Dodds's claim,

conclusion on comparing the probative value of the stills from the box covers relative to the probative value of the videos. Here, there is nothing analogous to the box covers that could be presented to the jury instead of the government's proffered evidence. Indeed, it is only still images — just like the box covers — that the government intends to show the jury. These still images are "highly probative of the state of mind with which the files were received and possessed."[10]

Further, with distinguishable exceptions like *Merino-Balderrama*, "courts are in near-uniform agreement that the admission of child pornography images or videos is appropriate, even where the defendant has stipulated, or offered to stipulate, that those images or videos contained child pornography."[11] Relying on a stipulation to establish an element of a crime — even without considering that the government here has indicated that it does not intend to accept the stipulation — may "rob the evidence of much of its fair and legitimate weight," allowing the defendant to "stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it."[12]

---

however, is the government's evidence of Dodds's guilt, which included the eye-witness testimony of Dodds's roommate who observed Dodds looking at the pornographic pictures on his computer, the fact that child pornographic images continued to be accessed after Shofner had left the base, and the fact that the images were placed into a file and/or a cd-rom named after Dodds.").

[10] *Ganoe*, 538 F.3d at 1123–24.

[11] *United States v. Cunningham*, 694 F.3d 372, 391 (3d Cir. 2012) (citing *Ganoe*, 538 F.3d at 1123–24).

[12] *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997); *see also United States v. Polouizzi*, 564 F.3d 142, 153 (2d Cir. 2009) ("[T]he government generally has a right to present evidence, rather than accept a stipulation, to establish the 'human significance' of the fact and 'to implicate the law's moral underpinnings.'"); *United States v. Morales-Aldahondo*, 524 F.3d 115, 120 (1st Cir. 2008) ("The government need not accept a defendant's attempt to use a stipulation to

4

Nonetheless, the Court must still ensure that the risk of unfair prejudice does not substantially outweigh the probative value of the evidence.[13] The government argues that it will minimize prejudice when presenting the evidence by publishing to the jury only a single copy of the image or screen shot of the video, allowing each member of the jury to view the image and pass it to the next juror, and then collecting each image and maintaining possession of the images throughout the trial.[14] These steps, in conjunction with a careful *voir dire* and cautionary instructions to the jury, can be sufficient to minimize potential unfair prejudice.[15]

For these reasons, the Court concludes that the risk of unfair prejudice does not substantially outweigh the probative value of the government's evidence from the videos charged in the Superseding Indictment. The Court denies Defendant's motion to exclude this evidence.

## IV. GOVERNMENT'S FIRST MOTION IN LIMINE

The government seeks five independent rulings from the Court.[16] They are as follows.

### A. Motion to admit the charged images containing child pornography

For the reasons provided in denying Defendant's first motion in limine, the Court grants the government's motion to admit images of child pornography captured from the videos identified in the Superseding Indictment.[17]

---

overcome the right of the government 'to make a full presentation of the crime currently charged.'").

[13] *See* Fed. R. Evid. 403.

[14] Dkt. 54 at 7; Dkt. 47 at 5.

[15] *See Ganoe*, 538 F.3d at 1124.

[16] Dkt. 47.

[17] *Id.* at 2–6.

**B. Motion to admit evidence of the uncharged child pornography files**

The government seeks to provide testimony regarding the approximately 600 child pornography videos identified by hash values that were not included in the Superseding Indictment.[18] The government intends to ask its case agent to describe some of the file names, their contents, and the locations on Defendant's computer in which they were found.[19] Defendant requests the government to specifically identify which of the approximately 600 videos it intends to introduce as exhibits at trial and to provide notice about what information it intends to elicit through its witnesses so that Defendant can properly respond.

To the extent Defendant seeks this information to properly respond to the government's motion, the government has provided sufficient information for Defendant to oppose the motion. The government was clear that it "does not intend to seek admission or publication of the uncharged files" and will offer only brief commentary on the videos' names, locations, and contents.[20] This information, even though it relates to uncharged videos, is admissible under Federal Rule of Evidence 404(b).

Rule 404(b) permits evidence of a crime, wrong, or other act to prove "knowledge, . . . , absence of mistake, or lack of accident."[21] Testimony that Defendant's computer contained evidence of over 600 files of child pornography is probative of his knowledge.[22] For one, the

---

[18] *Id.* at 6–10.

[19] *Id.* at 8.

[20] *Id.* at 9–10.

[21] Fed. R. Evid. 404(b)(2).

[22] *See United States v. Hardrick*, 766 F.3d 1051, 1055 (9th Cir. 2014) (affirming the district court's admission under Rule 404(b) of uncharged videos in a child pornography case because "[t]he uncharged videos were probative of [the defendant's] knowledge and relevant to his

6

volume of material makes it unlikely that the files were downloaded accidentally. The location of the files on the computer is also probative of knowledge, particularly where files with titles indicative of child pornography are stored with files with less informative titles.[23] Further, the risk of unfair prejudice is minimized by providing only brief commentary on the file names, locations, and contents, rather than displaying to the jury images from the uncharged files.[24]

The Court thus grants the government's motion to provide testimony regarding the uncharged files. To the extent Defendant seeks more specific information from the government in order to respond to this testimony at trial, however, he has a right to receive that information under Rule 404(b).[25] The government shall provide Defendant with a list of uncharged files it intends to have its case agent testify about, if the government has not already done so.

C.  **Motion to exclude Defendant's out-of-court statements**

Defendant does not intend to introduce any of his out-of-court statements.[26] This portion of the government's motion is therefore denied as moot.

---

defenses either that he downloaded the videos accidentally while downloading legal pornography or other files on LimeWire, or that a hacker had downloaded the videos to his computer").

[23] See Ganoe, 538 F.3d at 1123 ("The fact that even those files that were not explicitly titled *also* turned out to contain child pornography and were *likewise* placed in the 'z' folder strongly suggests that the images had to have been viewed in order to be categorized.").

[24] See Hardrick, 766 F.3d at 1056.

[25] See Fed. R. Evid. 404(b)(2) ("On request by a defendant in a criminal case, the prosecutor must: provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial.").

[26] Dkt. 53 at 3.

### D. Motion to exclude reference to Defendant's potential punishment

Defendant does not intend to refer to any potential punishment.[27] This portion of the government's motion is therefore denied as moot.

### E. Motion to designate the United States' case agent and exclude witnesses from the courtroom

Under Federal Rule of Evidence 615, the Court, at a party's request, must order witnesses excluded from trial so that they cannot hear other witnesses' testimony.[28] The Court therefore grants the government's request to exclude witnesses. The Court further orders that no excluded witness or excluded prospective witness may be shown, provided, or have read to him any transcript or transcript portion of another witness's pretrial or trial testimony.[29]

Rule 615 lists four categories of persons excepted from the rule: (a) "a party who is a natural person"; (b) "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney"; (c) "a person whose presence a party shows to be essential to presenting the party's claim or defense"; and (d) "a person authorized by statute to be present."[30] The government seeks to designate Agent Peterson so that he may be

---

[27] *Id.*

[28] Fed. R. Evid. 615.

[29] Although the Ninth Circuit has not considered whether Rule 615 prohibits a sequestered witness from reading transcripts of a hearing, *United States v. Kirschenman*, 262 F. App'x 819, 821 (9th Cir. 2008), excluding a witness from a hearing would have little effect if the witness could review testimony in the transcripts. *See United States v. Jimenez*, 780 F.2d 975, 980 (11th Cir. 1986) ("[T]here is no difference between reading and hearing testimony for purposes of Rule 615. Either action can violate a sequestration order.").

[30] Fed. R. Evid. 615(a)–(d).

permitted to remain in the courtroom throughout the duration of the trial.  The Court grants this request under Rule 615(b).[31]

Defendant agrees to exclude witnesses from the courtroom but seeks to except the defense investigator and any members of the defense team.[32]  Because the Court is unaware if any of these individuals are expected to testify or if the government opposes their exception from the exclusion order, this issue can be discussed at the continuation of the Pre-Trial Conference on July 20, 2015.

## V.     DEFENDANT'S SECOND MOTION IN LIMINE

The government seeks to introduce evidence that Defendant committed acts of child molestation against his adopted daughter ("Juvenile A") beginning around 2004 when she was six years old.[33]  The evidence will include testimony from Juvenile A.  Defendant seeks to exclude this evidence with his second motion in limine.[34]

As discussed at the Pre-Trial Conference on July 17, 2015, the Court will reserve its ruling on this motion until after the government has introduced its other evidence at trial.[35]  The

---

[31] *See* United States v. Thomas, 835 F.2d 219, 222–23 (9th Cir. 1987) (finding that an FBI agent, as an officer for the government, was properly excluded from a Rule 615 order).

[32] Dkt. 53 at 3.

[33] *See* Dkt. 40.

[34] Dkt. 49.

[35] *See* United States v. LeMay, 260 F.3d 1018, 1028 (9th Cir. 2001) (approving of the district court reserving its ruling on Rule 414 evidence until after the prosecution had presented its other evidence).  The government has indicated in the July 17, 2015 Pre-Trial Conference that it will plan to call Juvenile A as its final witness.

9

parties shall not reference Juvenile A or her testimony during their opening statements and shall also instruct their witnesses to refrain from mentioning Juvenile A or her testimony.

## VI.     CONCLUSION

For these reasons, and subject to the conditions discussed in this order, the Court **DENIES** Defendant's first motion in limine (Docket No. 48); **GRANTS in part** the government's first motion in limine (Docket No. 47) as it relates to admitting charged images of child pornography, admitting testimony regarding the uncharged child pornography, and designating Agent Peterson as a representative excepted from the exclusion of witnesses under Rule 615, and **DENIES in part** the government's motion as it relates to Defendant's out-of-court statements and references to Defendant's potential punishment; and reserves ruling on Defendant's second motion in limine (Docket No. 49).

The parties shall submit to the Court joint proposed curative jury instructions regarding images shown to the jury from the charged videos and regarding testimony provided to the jury about uncharged videos and other files. If the parties are unable to agree on the instructions they shall file their respective proposed instructions with the Court no later than 12:00pm on July 20, 2015.

Further, if Defendant seeks to exclude evidence of conduct that occurred before the charged time period, Defendant shall file an additional motion in limine to allow the Court to review the arguments and to allow the government to respond.

Dated at Anchorage, Alaska, this 17th day of July, 2015.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE