# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States of America v. Greg Alan Salard*
Case No. 1:14-cr-00012-TMB

By:             THE HONORABLE TIMOTHY M. BURGESS

<u>PROCEEDINGS</u>:        ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Greg Alan Salard's *Pro Se* Motion for Reduction in Sentence (the "Motion").[1] Salard requests "the [$200] felony assessment and [$25,000] fine ordered in the Judgement in this matter be removed."[2] The United States (the "Government") did not respond to the Motion.[3] The matter is now ripe for resolution. For the following reasons, the Court **DENIES** the Motion.

### A. Background

On July 28, 2015, a jury found Salard guilty of two counts of Sexual Exploitation of a Child—Distribution and Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).[4] In the underlying offense, law enforcement identified an IP address associated with Salard's physical address that had downloaded and made available for download at least 104 images of child pornography between February and October 2014.[5] On October 15, 2014, agents executing a search warrant at Salard's residence revealed his computer in the process of wiping files from the hard drive, two files of child pornography, and several deleted child pornography files.[6] Forensics revealed Salard in possession of at least one still image and 118 videos of child pornography.[7] On February 9, 2016, Salard was sentenced to 240 months of imprisonment, followed by a life-term of supervised release, a $25,000 fine, and $200 special assessment.[8] His projected release date is October 30, 2031.[9]

On June 2, 2023, Salard filed a *Pro Se* Letter requesting the Court remove the felony assessments and fine ordered in the Judgment.[10] The Court directed his counsel to file notice of his

---

[1] Dkt. 171 (*Pro Se* Motion for Reduction in Sentence).

[2] *Id.* at 1.

[3] Dkt. (absence).

[4] Dkt. 91 (Jury Verdict).

[5] Dkt. 119 (United States Probation and Pretrial Services Presentence Report) at 9.

[6] *Id.* at 9–10.

[7] *Id.* at 10.

[8] Dkt. 132 (Minute Entry); Dkt. 136 (Judgment).

[9] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/.

[10] *See* Dkt. 166-1 (*Pro Se* Letter); Dkt. 171 at 2.

representation status and noted that it would take no further action on Salard's request.[11] Salard's counsel subsequently moved to withdraw as Salard's counsel.[12]

In his Motion, Salard again requests "removal of the felony assessment and fine levied at his sentencing" based on his alleged indigency.[13] Noting he has "no property of value, [] real estate, [] 'hidden' cash, [] bank accounts," "retirement accounts, [] life insurance cash value," or "meaningful employment in the future," he suggests he was indigent at sentencing and remains so now.[14] Salard also indicates he reported his indigency to the Court at sentencing, and that the Court gave his counsel time to provide requisite financial information.[15] However, he states that his previous counsel never provided this information, and that contact with his subsequent counsel ended after his appeal.[16]

### B. Legal Standard

Generally, "[a] court [] may not correct or modify a sentence of imprisonment once it has been imposed."[17] "A court may modify such a sentence only 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure ["Rule 35"].'"[18] A defendant may appeal the amount of a fine under 18 U.S.C. § 3742 if the "sentence includes a greater fine . . . than the maximum established in the guideline range," and the Government may appeal under the same statute if the "sentence includes a lesser fine . . . than the minimum."[19] Further, Rule 35(a) permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" "[w]ithin 14 days after sentencing."[20] "[This] fourteen-day deadline is jurisdictional, thus divesting the district court of the power to amend the sentence after fourteen days."[21] Rule 35(b) also allows the court, "[u]pon the government's motion," to reduce a sentence "if the defendant . . . provided substantial assistance in investigating or prosecuting another person."[22]

Alternatively, a court may remit or adjust the payment schedule for a fine or special assessment under 18 U.S.C. § 3573 and § 3572. "Upon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice [] remit all or part of the unpaid portion of the fine or special assessment," "defer payment of the fine or special assessment," or "extend a date certain or an installment schedule previously

---

[11] Dkt. 166 (Ex Parte Order); Dkt. 171 at 2.
[12] Dkt. 168 (Motion to Withdraw).
[13] Dkt. 171 at 3.
[14] *Id.*
[15] *Id.* at 1–2.
[16] *Id.* at 2.
[17] *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011) (citing 18 U.S.C. § 3582(c).
[18] *Id.* (quoting 18 U.S.C. § 3582(c)(1)(B)).
[19] 18 U.S.C. §§ 3742(a), (b).
[20] Fed. R. Crim. P. 35(a).
[21] *Aguilar-Reyes*, 653 F.3d at 1055.
[22] Fed. R. Crim. P. 35(b)

ordered."[23] Moreover, the court may "adjust the payment schedule . . . as the interests of justice require" if the judgment permitted payments in installments and the defendant "notif[ies] the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine."[24]

Additionally, "[a] special assessment must be imposed on a convicted defendant in the amount prescribed by statute."[25] Under 18 U.S.C. § 3013, "[t]he court shall assess on any [individual] person convicted of an offense against the United States [] in the case of a felony [] the amount of $100."[26]

### C. Discussion

After reviewing the record, the sentence imposed, and relevant rules and statutes regarding modifying criminal fines, the Court concludes that the fine and special assessment imposed remain appropriate under the circumstances.

First, to the extent it construes Salard's Motion as an objection to or appeal of the fine, the Court finds that the Motion is untimely. Salard was sentenced on February 9, 2016. As such, this Court lacks jurisdiction to amend his sentence.[27]

Next, construing Salard's Motion as an appeal of the fine under 18 U.S.C. § 3742(a), the Court notes that this provision does not apply here. The U.S. Sentencing Guidelines established a guideline range of $50,000 to $500,000 for the offense.[28] As Salard's $25,000 fine is not greater than the maximum amount established by the guidelines, and indeed is lower than the minimum, he may not appeal his fine on this basis.

Further, the Court finds that neither Rule 35(b) nor 18 U.S.C. § 3742(b) permit reduction or removal of the fine. The Court observes that Rule 35(b) does not apply, and regardless, the Government has not submitted a corresponding motion to reduce his sentence. Although the fine imposed is less than the minimum amount established by the guideline range, the Government also has not appealed his sentence under 18 U.S.C. § 3742(b). Therefore, neither provision applies in this case.

The Court also concludes that it may not reduce or remove the fine or special assessment under 18 U.S.C. § 3572(d). The Judgment imposed a lump sum payment of $25,200.00 "to be paid during the period of incarceration at a rate of 50% of wages earned while in the custody of the Bureau of Prisons and during the period of supervision in monthly installments of not less than 10% of the defendant's gross monthly income or $25, whichever amount is greater."[29] Because the Judgment

---

[23] 18 U.S.C. § 3573.

[24] 18 U.S.C. § 3572(d).

[25] U.S.S.G. § 5E1.3.

[26] 18 U.S.C. § 3013(a)(2)(A).

[27] *See* Fed. R. Crim. P. 35(a); *Aguilar-Reyes*, 653 F.3d at 1055; *United States v. Kurbanov*, No. 1:13-CR-00120-DCN, 2024 WL 185244, at *2 (D. Idaho Jan. 16, 2024) (finding defendant's motion to excuse financial obligation filed approximately seven years post-sentencing "extremely untimely").

[28] Dkt. 119 (Sealed Presentence Report)

[29] Dkt. 136 at 6.

permitted Salard to pay in installments, Salard may notify the Court of a "material change" in his economic circumstances to allow the Court to adjust his payment schedule. However, 18 U.S.C. § 3572(d) does not confer the Court authority to reduce, remove, or otherwise amend the amounts of the fine or special assessment.

Moreover, Salard has not shown a "material change" in his economic circumstances to allow the Court to adjust his payment schedule. Rather, he suggests he was indigent at the time of the imposition of sentence and "is still indigent."[30] To the extent he argues he is "even more [indigent][] now," Salard has not provided the Court with any financial information to support his claim of indigency or establish that there has been a material change in his financial situation. Given the scant information in the Motion, the Court cannot know whether, how, and to what extent his economic circumstances have materially changed. Salard also suggests that his prior counsel failed to provide such information to the Court, but he does not explain or provide authority to support why such circumstances should excuse payment. Thus, none of Salard's justifications provide a basis for reducing or removing the fine or special assessment.

In imposing the fine at Salard's sentencing, the Court considered several factors, including Salard's financial resources.[31] It concluded that imposing a below-guideline fine was appropriate given the nature and circumstances of the offense. The Court maintains its justification at sentencing for imposing this fine.

Last, regarding Salard's request for removal of the special assessment, the special assessment is required by statute, and the Court lacks authority to reduce or remove it.[32] Salard was convicted of two counts of Sexual Exploitation of a Child—Distribution and Receipt of Child Pornography, and as such a $200 special assessment ($100 per count) was imposed pursuant to 18 U.S.C. § 3013 and U.S. Sentencing Guideline § 5E1.3. Therefore, the Court may not amend the special assessment.

As Salard has not demonstrated a basis for reducing or removing the fine and special assessment imposed at sentencing, the Court concludes that they remain appropriate under the circumstances, and it declines to excuse Salard from payment.

Accordingly, the Motion at Docket 171 is **DENIED**.


Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE:            August 16, 2024.

---

[30] Dkt. 171 at 3.
[31] *See* U.S.S.G. § 5E1.2(a).
[32] *See* 18 U.S.C. § 3013(a)(2)(A); U.S.S.G. § 5E1.3.